IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TORNELLO-FONTAINE: <br> PIERCE EL-BEY | * | |
| Plaintiff, | * | **Civil No.: 8:23-CV-01229-PX** |
| ST. MARY'S COUNTY, ET AL. | * | |
| | * | |
| Defendants. | | |
| | * | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS OR IN THE ALTERNATIVE
FOR A MORE DEFINITE STATEMENT**

Plaintiff Tornello-Fontaine: Pierce El-Bey, *pro se*, has sued St. Mary's County (the "County"), the State of Maryland, the Governor and former Governor and a State trooper for claims attempting to invoke the protections of certain treaties. From the form pleading and description and attached narratives, it is difficult to determine any precise claims or theories of liability against St. Mary's County. As set forth below, the County respectfully submits it is entitled to dismissal or in the alternative that a more definite statement should be required.

    I.    Motion to Dismiss

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the Rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 n.3 (2007) (citation omitted). A complaint that provides no more than "labels and conclusions," or "a formulaic

1

recitation of the elements of a cause of action," is insufficient under the Rule. *Twombly,* 550 U.S. at 555-56.

A defendant may test the adequacy of a complaint by way of a motion under Rule 12(b)(6). *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; see *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions . . . .'" (citation omitted)); *see also Simmons v. United Mortgage and Loan Inv.,* 2011 WL 184356, *10 (4th Cir. Jan. 21, 2011); *Andre v. Clark*, 561 F. 3d 261, 266 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F. 3d 298, 302 (4th Cir. 2008).

A motion pursuant to Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F. 3d 231, 243 (4th Cir. 1999) (internal quotation marks omitted). Moreover, in resolving a Rule 12(b)(6) motion, the court is not required to accept legal conclusions drawn from the facts. *See*, *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Monroe v. City of Charlottesville, Va.,* 579 F. 3d 380, 385-86 (4th Cir. 2009). To satisfy the minimal requirements of Rule 8(a)(2), however, the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. Thus, where the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that "'the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (citation omitted). The Complaint herein fails to identify facts that would show a legal entitlement to relief.

The Complaint does not connect St. Mary's County or any County actor to any cognizable theory of liability. Under the circumstances, the Complaint in its present posture fails to state a claim that is plausible on its face.

Moreover, other than the reference to a State Trooper, Plaintiff has simply "group pled," which is impermissible to begin with. *See Vinnedge v. Gibbs*, 550 F.2d 926, 92829 (4th Cir. 1977) (a civil rights plaintiff must allege a "personal connection" between each individual defendant and the violation of a right.).[1]

Because Plaintiff has not stated a plausible entitlement to relief against the County the Complaint should be dismissed.

II.     Motion for a More Definite Statement

A more definite statement can be required under Fed Rule Civ. Proc. 12 when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Defendant is mindful that Plaintiff is proceeding *pro se*. Nevertheless, the County should not be put to the task of trying to discern Plaintiff's claims. In its present form, the County cannot discern the factual basis for a claim against it. The Complaint herein is vague and ambiguous as to factual allegations and does not disclose the theory of liability against the County. The Complaint does not disclose the factual or legal assertions against any County actors or why any of the alleged behavior constituted a violation of

---

[1] Plaintiff appended an attachment to the Complaint that includes what it describes in the Complaint as an arbitration award and alleges by silence or acquiescence Defendants, including the County, somehow consented to arbitrate some matter from which an award issued well more than 3 years ago. However, neither the Complaint nor the attached purported award show an agreement to arbitrate by the County. In fact, there is no reference in the purported arbitrator's alleged communications to any representative of the County, only to the State representatives, including former elected State's Attorney for St. Mary's County who is not a representative of the County or its Commissioners for any civil matters.

law and cognizable cause of action. Defendants submit they should not be required to speculate regarding Plaintiff's general theory or a cause of action and legal entitlement to relief.

At a minimum, Plaintiff should be required to provide a more definite statement to clarify the nature of his claim and why he believes any factual allegations would entitle him to relief to eliminate the vagueness and ambiguities that afflict the present version.

## CONCLUSION

The foregoing premises having been considered, the Defendants respectfully request that this Honorable Court grant their Motion to Dismiss or in the Alternative for a more definite statement.

Respectfully submitted

_____/s/_____
William C. Dickerson (#10791)
7225 Parkway Drive
Hanover, Maryland 21076
Office (443) 451-1700
Facsimile (443) 561-1701
wdickerson@lgit.org
Attorney for Defendants
