IN THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TORNELLO-FONTAINE PIERCE EL-BEY, | * |
| *Plaintiff*, | * |
| v. | *    No. 8:23-cv-01229 |
| | * |
| STATE OF MARYLAND, ET AL., | * |
| *Defendants*. | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF LAW IN SUPPOR OF MOTION TO DISMISS
BY DEFENDANTS THE STATE OF MARYLAND,
GOVERNOR WESTLEY MOORE,
FORMER GOVERNOR LAWRENCE HOGAN,
AND RICHARD FRITZ,
FORMER STATE'S ATTORNEY FOR ST. MARY'S COUNTY**

Defendants, the State of Maryland, Governor Westley Moore, Former Governor Lawrence Hogan, and Richard Fritz, Former State's Attorney for St. Mary's County, by their undersigned counsel, file this Memorandum of Law in Support of their Motion to Dismiss.

**INTRODUCTION**

Tornello-Fontaine Pierce El-Bey filed what appears to be a "sovereign citizen" claim against multiple defendants. The cause of action appears to arise from a motor vehicle stop that occurred on December 25, 2018[1].

---

[1] According to the Case Search of the Maryland Judiciary website, Mr. El-Bey was charged with traffic violations for speeding, driving with a suspended license, an expired registration and giving a false statement to an officer on December 25, 2018. Mr. El-Bey

Under the Eleventh Amendment, these defendants may not be sued in federal court. Also, they have statutory immunity under the Maryland Tort Claims Act. To the extent that the claim involves the prosecution of Mr. El-bey by the prosecution, Mr. Fritz is protected by absolute prosecutorial immunity. The statute of limitations has run for any action that occurred in December 2018. Finally, Mr. El-bey has failed to state the alleged violation of rights by the individual defendants.

## FACTS ALLEGED IN THE COMPLAINT

The challenge in responding to this complaint is to discern what Mr. El-bey's claims against the defendants are. It appears that he is asserting that his arrest and the charges against him and the failure of government officials violated his rights (under several non-existent treaties).

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) for failure to state a claim should be granted when "it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs, Inc., v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). This Court should accept "as true all of the well-pleaded allegations and [view] the complaint in the light most favorable to the non-moving party." *Lesueur-Richmond Slate Corp. v. Fehrer*, 666 F.3d 261, 264 (4th Cir. 2012). This Court, however, may disregard conclusions of law or unwarranted deductions of fact because the purpose

---

failed to appear for his trial. The case numbers are 1H80QZ3, 1H90QZ3, 1HB0QZ3, 1HC0QZ3, 1HD0QZ3, D043CR18001962. The attachment to the Complaint refers to these charges.

of a Rule 12(b)(6) motion is to determine legal sufficiency of the complaint. *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Epps v. JP Morgan Chase Bank, N.A.*, 675 F.3d 315, 320 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Federal Rule of Civil Procedure 8(a)(2) requires that "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading must allege something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* The purpose of the pleading requirement is "to prevent costly discovery on claims with no underlying factual or legal basis." *Migdal*, 248 F.3d at 326 (quoting *DM Research v. College of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999)).

## ARGUMENT

**I.   PLAINTIFF'S CLAIMS ARE BARRED BY ELEVENTH AMENDMENT IMMUNITY.**

The Eleventh Amendment of the United States Constitution bars a suit in federal court against a State, one of its agencies or departments, or one of its officials acting in an official capacity, without a valid abrogation or waiver of the State's sovereign immunity. *Puerto Rico Aqueduct and Sewer Authority v. Metcalfe and Easy, Inc.*, 506 U.S. 139, 144-45 (1993); *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989); *Pennhurst*

*State School & Hospital v. Haldeman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Bd. of Trustees of Univ. of Alabama v. Garrett,* 531 U.S. 356, 363 (2001); U.S. Const. amend. XI; Md. Code Ann., Const., Art IV, § 1.  "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."  *Garrett,* 531 U.S. at 363.  "A State's constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued."  *Pennhurst,* 465 U.S. at 99.  Although Maryland has waived its sovereign immunity for certain actions brought in its state courts under the Maryland Torts Claims Act, Md. Code Ann., State Gov't § 12-101 *et seq.*, it has not waived its immunity under the Eleventh Amendment for suits in federal court.  *See e.g. Dixon v. Baltimore City Police Dep't*, 345 F. Supp. 2d. 512, 513 (D. Md. 2003).

  Because the governor, former governor, and a former State's Attorney are State officials, the State of Maryland is the real party in interest.  *Edelman v. Jordan*, 415 U.S. 651, 662-65 (1974) (finding that if damages would be payable from the state treasury, then the state is the real party of interest even though officials are the nominal parties); *Will*, 491 U.S. at 71 (finding no difference in a suit against a state officer in his official capacity and a suit against the state itself.)   Because the State of Maryland has not waived its sovereign immunity, nor has the State's sovereign immunity been abrogated by any of the legal theories advanced by plaintiff, a suit brought in federal court for money damages against the governor, former governor or a former State's Attorney is an action against the

State of Maryland and is barred by the Eleventh Amendment. *Metcalfe*, 506 U.S. at 144-45; Md. Code Ann., State Gov't. § 12-101(a)(8) (a state's attorney is "State personnel").

## II. PLAINTIFF'S CLAIMS ARE BARRED BY ABSOLUTE PROSECUTORIAL IMMUNITY.

At common law, prosecutors are absolutely immune from civil liability for claims arising from their role in the judicial process. *Imbler v. Pachtman*, 429 U.S. 409, 422-23 (1976) (noting that prosecutors "enjoyed an absolute immunity from civil liability with respect to their prosecutorial conduct…" based upon the same considerations that underlie judicial and grand jury immunity namely, a "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decision instead of exercising the independence of judgment required by his public trust.").

The doctrine of absolute prosecutorial immunity provides that "prosecutors enjoy absolute immunity with respect to claims arising from their role in the judicial process— evaluating whether to commence a prosecution by criminal information, presenting evidence to a grand jury in the quest for an indictment, filing charges, and presenting the State's case in court." *Gill v. Ripley,* 352 Md. 754 (1999). In *Nero v. Mosby*, the Fourth Circuit noted that the analysis for prosecutorial immunity looks to "the nature of the function performed", rather than the "harm that the conduct may have caused" or even "the question whether it was lawful." 890 F.3d 106, 118 (4th Cir. 2018) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993)).

To the extent that the complaint asserts the prosecution of plaintiff is unfounded, Mr. Fritz is protected by the doctrine of absolute prosecutorial immunity. Under Maryland

5

law, only a prosecutor, in general, a State's Attorney may advance the prosecution of a criminal case. The pursuit of a criminal case which leads to the presentation of the State's case is referenced in *Gill*, 352 Md. at 754 as being subject to absolute prosecutorial immunity.

### III.   PLAINTIFF'S CLAIMS ARE BARRED BY STATUTORY IMMUNITY.

State personnel have statutory immunity from tort claims for actions taken in the scope of their public duties, so long as the personnel acted without malice or gross negligence. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-522(b); Md. Code Ann., State Gov't, § 12-105[2] (LexisNexis 2019). Governors, former governors and former State's Attorneys are State personnel. State Gov't § 12-101. In general, a claim for tortious conduct, whether a common law tort or a constitutional tort, may only be pursued against the state, not the individual employee. *Lee v. Cline*, 384 Md. 245 (2004). In the complaint, Mr. El-Bey fails to provide any factual support for the assertion that the defendants acted with malice or gross negligence.

To establish malice under Maryland law, Mr. El-Bey must show that the conduct at issue was "characterized by evil or wrongful motive, intent to injure, knowing and deliberate wrongdoing, ill-will or fraudulent. *Barbre v. Pope*, 402 Md.157, 182 (2007)(quoting *Lee v. Cline*, 384 Md. 245, 268 (2004)). "A plaintiff cannot prove malice, merely by asserting that an act 'was done maliciously or without just cause, or illegally, or

---

[2] Where the action was taken without malice or gross negligence, the State may be liable under the Tort Claims Act. *See* State Gov't § 12-104 (providing for a limited waiver of sovereign immunity).

6

with wanton disregard, or recklessly, or for improper motive…" *Houghton v. Forest*, 183 Md. App. 15, 28 (2008), *aff'd in part & vacated in part*, 412 Md. 578 (2009) (quoting *Elliot v. Kupferman*, 58 Md. App. 510, 528 (1982)). "Indeed, the plaintiff must present facts that indicate a nefarious motive, ill-will towards the plaintiff, or a history of animosity." *Houghton,* 183 Md. App. at 28 citing *Nelson v. Kenny*, 121 Md. 482, 493-95.

Here, Mr. El-Bey has failed to allege any conduct by any individual defendant that would establish malice or gross negligence to avoid statutory immunity.

IV. **PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATION.**

Under Maryland law, the applicable statute of limitation for any tort action is three years. Cts. & Jud. Proc. § 5-101. Accordingly, any claim for an event that occurred on December 25, 2018 should have been filed by December 24, 2021 (plus any time allowance provided due to the closure of courts during the pandemic—that time period was less than four months). Here, Mr. El-bey's complaint was filed in May 2023; accordingly, it is barred by limitations.

## CONCLUSION

For the foregoing reasons, Defendants, the State of Maryland, Governor Westley Moore, former Governor Lawrence Hogan, and Richard Fritz, former State's Attorney for St. Mary's County, move that this Court dismiss all claims against them with prejudice.

                         Respectfully submitted,

                         ANTHONY G. BROWN
                         Attorney General of Maryland

                         /s/ Wendy L. Shiff
                         _____
                         WENDY L. SHIFF
                         Federal Bar No. 09076
                         Assistant Attorney General
                         Office of the Attorney General
                         200 Saint Paul Place, 20th Floor
                         Baltimore, Maryland  21202
                         wshiff@oag.state.md.us
                         (410) 576-6996
                         (410) 576-6955 (facsimile)

June 20, 2023               Attorneys for Defendants
                         The State of Maryland, Governor Westly Moore, Former Governor Lawrence Hogan, and Richard Fritz, Former State's Attorney for St. Mary's County


## CERTIFICATE OF SERVICE

      I certify that, on this 20th day of June, 2023 the foregoing was served by CM/ECF on all registered CMF users and by first-class mail on the following:

              Tornello-Fontaine Pierce El-Bey
              Post A-AA 222141
              Unit 49308
              DPO AA 27319-9998-99
              Category C Post Retrograde
              United States of America

                         /s/ Wendy L. Shiff
                         _____
                         Wendy L. Shiff